# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

CIVIL NO. 1:03CV211
(1:00CR2)

| | |
|---|---|
| SHAWN McALLISTER, | ) |
| Petitioner, | ) |
| Vs. | ) **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed August 20, 2003, and his supplement to that motion, filed September 10, 2004. In addition, the Petitioner moved for discovery, to expand the record, for an evidentiary hearing and for leave to submit another brief. The motions for discovery, to expand the record and for an evidentiary hearing are denied. The Court allowed the filing of the supplemental brief. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On January 12, 2000, the Petitioner was charged in a one-count bill of indictment with conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed January 12, 2000.** On May 3, 2000, the Petitioner was found guilty by jury verdict of the sole count of the indictment. **Verdict Sheet, filed May 3,**

**2000.** On August 16, 2001, the undersigned sentenced the Petitioner to 240 months, or 20 years, imprisonment in compliance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[1] **Judgment in a Criminal Case, filed September 12, 2001.** On August 16, 2002, the United States Fourth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence. ***United States v. McAllister*, 42 Fed. Appx. 646 (4th Cir. 2002).** In that decision, the Fourth Circuit found the undersigned did not err in attributing to the Petitioner involvement with 1.5 kilograms of cocaine base during the conspiracy, the testimony at trial established that he was an "equal partner in the drug ring" and therefore not entitled to a minor participant adjustment, and he was also not entitled to a downward departure pursuant to U.S.S.G. § 2D1.1. ***Id.*, at 647.**

On August 20, 2003, the Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255. ***Clay v. United States*, 537 U.S. 522 (2003) (A**

---

[1] The Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. Because no drug quantity was alleged in the Petitioner's bill of indictment, he could not be sentenced to more than 20 years. **21 U.S.C. § 841(b)(1)(C) ("In the case of a controlled substance in schedule I or II . . . except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than twenty years[.]").**

**conviction becomes final for purposes of § 2255 when the time expires for the filing of a petition for a writ of *certiorari* to the Supreme Court contesting the appellate court's affirmation of conviction. That time is 90 days from the filing of the appellate court's decision.).** In this motion, the Petitioner claims he received ineffective assistance of counsel and was the victim of prosecutorial misconduct.

## III. DISCUSSION

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness and, that but for his conduct, there was

a reasonable probability the result would have been different. *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992). If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra.***

Petitioner's first claim against his trial counsel is that counsel failed to conduct an adequate pretrial investigation, did not provide information which would have allowed the Petitioner to evaluate the advisability of entering into a plea agreement, and did not interview witnesses. The short answer to these allegations is that at the time of the Petitioner's case, as is the current practice, the United States Attorney for the Western District of North Carolina maintained an open file discovery system. Trial counsel may reasonably rely on a prosecutor's representations that discovery was contained within the open file. ***Banks v. Dretke*, 540 U.S. 668, 692-94 (2004).**

Contained within that open file would have been information, including a plea agreement, concerning an unindicted co-conspirator, Harry McDaniels, who was indicted in a separate criminal case in 1999. Unlike the Petitioner,[2]

---

[2] The Probation Officer noted in the Petitioner's presentence report that he refused to cooperate with authorities. **Presentence Report, prepared May 9, 2001, at 4.**

McDaniels quickly cooperated with authorities and entered into a plea agreement with the Government in December 1999, before the Petitioner was even indicted. And, McDaniels, as well as other co-conspirators, testified extensively at the Petitioner's trial as to the Petitioner's involvement in the conspiracy, describing the Petitioner as an equal partner in the conspiracy.

When the facts of a case are generally known to counsel, through the open file or the statements of cooperating co-conspirators, "the need for further investigation may be considerably diminished or eliminated altogether." **Strickland, 466 U.S. at 691.** Moreover, the Sixth Amendment "does not always compel counsel to undertake interviews and meetings with potential witnesses where counsel is familiar with the substance of their testimony." **Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998).** This certainly would have been the case with McDaniels and the Petitioner's other co-conspirators. Moreover, in view of the overwhelming weight of the evidence against the Petitioner presented at trial, there is no reasonable probability that interviews with them, assuming that none occurred, would have affected the outcome of the trial. **Walker v. Lee, 87 Fed. Appx. 835, 841 (4th Cir. 2004).**

Finally, the Petitioner does not identify which witnesses should have been interviewed or "debriefed."[3] Petitioner has failed to identify any potential witnesses or indicate in what manner the substance of their testimony would have affected the outcome of his case. **United States v. Bishop, 111 Fed. Appx. 343, 344 (5th Cir. 2004).** Petitioner's conclusory allegations that trial counsel was unprepared and failed to conduct an adequate pretrial investigation are insufficient to show ineffective assistance of counsel. **United States v. Scott, 48 F.3d 1389, 1393 (5th Cir. 1995); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).**

Petitioner's next complaint about his trial counsel involves an alleged failure to file a plethora of pretrial motions, such as (1) for a bill of particulars; (2) for notice of alibi defense;[4] (3) for disclosure of electronic surveillance; (4) for exculpatory evidence; (5) for the production of fingerprint evidence; (6) for grand jury proceedings; (7) for hearsay information; (8) for records concerning laboratory analysis of the drugs involved; (9) for memoranda relating to

---

[3] In fact, there was no need for counsel to "debrief" these witnesses due to the open file policy.

[4] This notice is actually filed by the Government, not a defendant, in an attempt to ascertain whether a defendant asserts an alibi defense. As such, this claim is rejected.

witness interviews; and (10) to reserve the right to file further motions. Again, counsel was under no obligation to "paper" the Court with such motions. The Standard Criminal Discovery Order entered in the Petitioner's criminal case on February 25, 2000, addressed each of these items and, in fact, prohibited trial counsel from moving for grand jury material, a bill of particulars or other discovery. **Standard Criminal Discovery Order, filed February 25, 2000.**

Petitioner's third claim is that counsel failed to contest the amount of drugs attributed to him. This is patently spurious since trial counsel argued vehemently at sentencing on this issue and it was also raised on direct appeal. **See, Sentencing Transcript, filed December 10, 2001, at 2-9; United States v. Rush, 99 Fed. Appx. 489, 490 (4th Cir. 2004) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (1976) (issues raised and determined on direct appeal may not be reconsidered by a collateral attack.)).**

During the trial, McDaniels testified to his use of a bulletproof vest during drug deals. Petitioner claims that his attorney should have objected to the admission of this evidence as prejudicial and inflammatory. However, it is well established that evidence of the "tools of the trade" in drug conspiracies may be admitted, specifically, evidence of the use of bulletproof vests. **United**

*States v. Capps*, 48 F.3d 1220 (table), 1995 WL 106124, **5 (6th Cir. 1995) ("Experience on the [ ] bench has taught that substantial dealers keep firearms on their premises as tools of the trade[.]" The same is true of bulletproof vests. *Id.* (citing *United States v. Wiener*, 534 F.2d 15, 18 (2d Cir. 1976)); accord, *United States v. Bennett*, 848 F.2d 1134 (11th Cir. 1988); *United States v. McDowell*, 762 F.2d 1072, 1074 (D.C. Cir. 1985).

In a similar vein, Petitioner claims the Government engaged in prosecutorial misconduct by introducing into evidence guns, a ski mask, and a bulletproof vest at the trial. For the same reasons as stated above, the Government was entitled to introduce evidence of such "tools of the trade."

Petitioner also attacks his appellate counsel. Petitioner acknowledges that appellate counsel sent him a letter in which he was advised that the Fourth Circuit had affirmed his conviction and sentence. However, Petitioner makes a vague and conclusory allegation that counsel failed to adequately instruct the Petitioner as to whether he should petition the United States Supreme Court for a writ of *certiorari*. A copy of the letter is not attached to the motion; thus, no meaningful review may be had. While the Court is aware that appellate counsel are required to advise defendants/appellants of the right

to petition for *certiorari*, Petitioner does not make such a claim. Instead, he claims that appellant counsel failed to provide sufficient information for him to make an informed decision as to whether to do so. A federal prisoner is not entitled to attain relief from his conviction or sentence based on conclusory, vague or speculative allegations against counsel without any evidence supporting the same. **United States v. Roane, 378 F.3d 382 (4th Cir. 2004), cert. denied, 126 S. Ct. 330 (2005) (conclusory allegations and accusations against counsel insufficient); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a [] petitioner to an evidentiary hearing."); United States v. Haynesworth, 34 Fed. Appx. 133, 134 (4th Cir. 2002) (lack of specifics fails to show prejudice stemming from counsel's conduct.).**

Petitioner's next argument is that the bill of indictment failed to adequately charge him with a violation of 21 U.S.C. § 841 because it "merely quotes the statute" but fails to set forth the elements of the offense in the indictment. The indictment charges that the Petitioner conspired with his co-conspirators "to possess with intent to distribute, a quantity of cocaine base, a Schedule II controlled substance, a violation of Title 21, United States Code,

Sections 841(a)(1) and 846." The language of the indictment tracks the language of the statute and is sufficient. **Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999).**

Petitioner's final argument is based on the fact that no drug quantity was alleged in the indictment. The Fourth Circuit specifically found that the Petitioner's sentence was in accordance with Apprendi, supra. Thus, the Petitioner's sentence, which does not exceed the prescribed statutory maximum sentence of 20 years, does not violate the proscriptions of Apprendi. **United States v. Bradford, 7 Fed. Appx. 222, 223 n.\* (4th Cir. 2001) (citing United States v. White, 238 F.3d 537, 542 (4th Cir. 2001)).**

In his supplemental brief, the Petitioner raises Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), as grounds for relief. In Blakely, decided in June 2004, the Supreme Court held that Washington State's statutory sentencing scheme violated Apprendi because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. Here, the Petitioner's sentence was not

so enhanced. Moreover, *Blakely* does not apply retroactively to convictions that were final at the time that case was decided. **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Marshall, 117 Fed. Appx. 269 (4th Cir. 2004).** The Petitioner's conviction became final in 2003; thus, *Blakely* could not be retroactively applied in any event.

In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. Every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review has held that *Booker* is not retroactive. **United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Varela, supra; Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.),** *cert.*

*denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005); *United States v. Johnson*, 2005 WL 2705818, **1 n.2 (4th Cir. 2005).

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motions for discovery, to expand the record, and for leave to submit an additional brief are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing this action is filed herewith.

14

**Signed: November 5, 2005**

_____
Lacy H. Thornburg
United States District Judge