# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:03CV211
## (1:00CR2)

| | |
|---|---|
| SHAWN McALLISTER, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend judgment.

## I. STANDARD OF REVIEW

"There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" **United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002),**

2

cert. denied, **538 U.S. 1012 (2003) (**quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, **148 F.3d 396, 403 (4**[th] **Cir. 1998)).**

> Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. . . . In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

*Pac. Ins. Co.*, **at 403 (**quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, **51 F.3d 746, 749 (7**[th] **cir. 1995) and 11 Wright,** *et al.*, *Federal Practice & Procedure* **§ 2810.1, at 124 (2d ed. 1995)) (other citations omitted).** "[A]n issue presented for the first time in a motion pursuant to [Rule 59(e)] generally is not timely raised; accordingly, such an issue is not preserved for appellate review unless the district court exercises its discretion to excuse the party's lack of timeliness and consider the issue." *Holland v. Big River Minerals Corp.*, **181 F.3d 597, 605 (4**[th] **Cir. 1999).** Finally, "mere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, **994 F.2d 1076, 1082 (4**[th] **Cir. 1993).**

3

## II. DISCUSSION

The first point made by the Petitioner is contained within a footnote in which he, apparently, accuses the Court of falsely representing that the ruling in his § 2255 motion was filed on a weekend. "This denial of the § 2255 was signed by Judge Lacy H. Thornburg on a Saturday. The denial of the motion was also filed on the Court docket reflecting a date of Saturday November 5, 2005. *Never has Petitioner, although being a layman of law, seen a judgment entered and filed on a non-court day.*" **Petitioner's Motion for Reconsideration and Amendment, filed November 28, 2005, at 1 n.1 (emphasis added).** Despite the Petitioner's suspicious concern, it is, in fact, true that federal judges do indeed work on weekends. And, since the Western District of North Carolina has implemented an electronic filing system, when a member of the judiciary works on a weekend day and signs a document, that document is filed electronically without the need for a deputy clerk of this Court to docket the transaction.

That does not end the Petitioner's suspicions, however. He also notes "for the record," "[w]hy this particular correspondence took over a full week (if mailed out on Monday November 7, 2005), to reach this Institution is

4

disturbing." *Id.*, **at 2 n.1.** The Petitioner should raise this issue with the United States Postal Service rather than casting aspersions at the Court.

In this motion, the Petitioner merely raises again arguments made in his original motion. He now claims that appellate counsel wrote to him explaining that the Fourth Circuit affirmed his conviction and sentence but did not advise him of his right to petition the Supreme Court. However, he has not submitted any documentary proof of this allegation. And, the Petitioner contradicts himself when he acknowledges that in his § 2255 motion, he argued that his attorney failed *to properly* instruct him as to filing a petition, not that he failed to instruct altogether.

The Court finds that nothing in the motion warrants reconsideration of relief pursuant to Rule 59.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion for reconsideration and pursuant to Federal Rule of Civil Procedure 59(e) is hereby **DENIED**.

5

**Signed: December 9, 2005**

Lacy H. Thornburg
United States District Judge